## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISON

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| | § | |
| **JEROME BEECHAM,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 5:21-cv-845** |
| **v.** | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **IRONCLAD ENERGY LLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## ORIGINAL COMPLAINT

Plaintiff JEROME BEECHAM ("Plaintiff" or "Mr. Beecham"), by and through his attorneys, ELLWANGER LAW LLLP, brings this action for damages and other legal and equitable relief from Defendant, IRONCLAD ENERGY, LLC ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 et seq. ("§ 1981"), the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.      This case is about a persistently biased supervisor employed by Defendant who cultivated an environment of sexual and racial harassment targeted at Plaintiff. On multiple occasions, this supervisor made sexually inappropriate comments and used racial slurs like "n****r" while in Plaintiff's company. Despite Plaintiff repeatedly complaining about this behavior, no remedial actions were taken.

**ORIGINAL COMPLAINT**

2.      This is an action brought by Plaintiff seeking damages from Defendant for acts of discrimination, hostile work environment, and retaliation. Defendant's acts of discrimination are in violation of Title VII, § 1981, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

3.      Defendant employed Plaintiff as an Equipment Operator at its facility in Kenedy, Texas. Throughout Plaintiff's employment with Defendant, Plaintiff has been subjected to racially and sexually hostile comments, a hostile work environment, and retaliation, resulting in his constructive discharge.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e et seq., as amended, and (iii) 42 U.S.C. §§ 1981 et seq., as amended.

5.      The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. §

**ORIGINAL COMPLAINT**

1391(b)(1) and (c), in that Defendant maintains offices, conducts business and resides in this district.

## PARTIES

7.      Plaintiff is a Black male.

8.      At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII, § 1981, and the TLC.

9.      Defendant is located at 500 Waters Edge, Ste. 320, Lombard, IL 60148.  Upon information and belief, Defendant Ironclad Energy employs over five-hundred (500) persons.

10.     During all relevant times, Defendant has been an employer covered by Title VII, § 1981, and the TLC.

11.     Defendant transacted and continues to transact business in Texas by, among other things, employing persons at its facility located in Texas and within this judicial district, namely its Kenedy, Texas facility where Plaintiff worked.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

12.     Plaintiff, who has herein alleged claims pursuant to Title VII, has timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

13.     Plaintiff has received his Notice of Right to Sue letter from the EEOC prior to the filing of this Complaint. On or around June 7, 2021, the EEOC mailed Plaintiff his Notice of Right to Sue letter.

**ORIGINAL COMPLAINT**

## **STATEMENT OF FACTS**

14.     Mr. Beecham first started working for Defendant as an Equipment Operator in January 2019.  Over the course of his employment with Defendant, Mr. Beecham was subjected to discrimination, harassment, and retaliation.

15.     For example, in or around February 2019, Denton Kilgore ("Mr. Kilgore"), Defendant's District Manager, began sexually and racially harassing Mr. Beecham. In one instance, Mr. Kilgore sent Mr. Beecham a text message with a photograph of a black woman with semen on her face. The caption on the photograph read, "what Beechum [*sic*] looks like when I bust on his lips." This was an evident allusion to Mr. Kilgore ejaculating on Mr. Beecham.

16.     Upon information and belief, Mr. Kilgore edited the text to appear on the photograph. Mr. Kilgore sent this text message in the presence of another supervisor, Jeremy Medford ("Mr. Medford").

17.     Mr. Beecham complained about this inappropriate text message to another supervisor, Demion Mitchell ("Mr. Mitchell"). However, despite the complaints, no remedial action was taken.

18.     Mr. Kilgore made multiple inappropriate remarks about the genitalia of Black men around Mr. Beecham, often commenting that Black men have large penises. Mr. Beecham explicitly told Mr. Kilgore that these comments made him uncomfortable.

19.     Mr. Kilgore often used racial slurs and made jokes about Black people. Mr. Kilgore frequently used the word "n****r" around Mr. Beecham. Further, Mr. Kilgore, who owns a black dog, referred to the dog as "my n****r" around Mr. Beecham. On multiple occasions, Mr. Beecham complained to Mr. Kilgore and expressed to Mr. Kilgore that he did not like that word.

20.     While Mr. Beecham reported the harassment and discrimination to other mid-tier managers, including Mr. Mitchell, Mr. Kilgore was the highest management level employee employed by the Defendant, aside from the CEO and owner.

21.     After and as a result of reporting the discrimination and harassment based upon his race, Black, and his sex, male, Mr. Kilgore cut his work hours and did not assign him to shifts.

22.     In or around April 2019, Mr. Beecham was constructively discharged due to the daily, severe harassment based on race and sex and the retaliatory treatment which resulted from reporting the harassment, including lost pay due to lost hours and shifts.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Discrimination - Race)**

23.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

24.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant has engaged the practice of discrimination based upon his race, Black, with respect to the terms and conditions of Plaintiff's employment.

25.     Plaintiff's requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Hostile Work Environment - Race)**

26.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

27.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of his race, Black.

**ORIGINAL COMPLAINT**

28.     Plaintiff's requests for relief are set forth below.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Retaliation)

29.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

30.     Plaintiff lodged complaints with Defendant regarding the discrimination and hostile work environment based on race and based on sex to which he was subjected, and as such, engaged in protected activity under Title VII.

31.     Defendant retaliated against Plaintiff by cutting his hours and not assigning him to shifts.

32.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

33.     Plaintiff's requests for relief are set forth below.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*
### (Discrimination)

34.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

35.     The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*, as Defendant has engaged the practice of discrimination based on race with respect to the terms and conditions of Plaintiff's employment.

36.     Plaintiff's requests for relief are set forth below.

**ORIGINAL COMPLAINT**

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
**Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.***
**(Hostile Work Environment)**

37.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

38.     The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of his race, Black.

39.     Plaintiff's requests for relief are set forth below.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
**Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.***
**(Retaliation)**

40.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

41.     Plaintiff lodged complaints with Defendant regarding the discrimination and hostile work environment based on race to which he was subjected, and as such, engaged in protected activity under § 1981.

42.     Defendant retaliated against Plaintiff by cutting his hours and not assigning him to shifts.

43.     The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*

44.     Plaintiff's requests for relief are set forth below.

**ORIGINAL COMPLAINT**

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF**
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Discrimination - Race)**

45.    Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

46.    The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has engaged the practice of discrimination with respect to the terms and conditions of Plaintiff's employment based upon his race, Black.

47.    Plaintiff's requests for relief are set forth below.

**AS AND FOR AN EIGHTH CAUSE OF ACTION FOR A VIOLATION OF**
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Hostile Work Environment - Race)**

48.    Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

49.    The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of his race, Black.

50.    Plaintiff's requests for relief are set forth below.

**AS AND FOR A NINTH CAUSE OF ACTION FOR A VIOLATION OF**
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Retaliation)**

51.    Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

52.    Plaintiff lodged complaints with Defendant regarding the discrimination and hostile work environment based upon race and sex  to which he was subjected, and as such, engaged

**ORIGINAL COMPLAINT**

in protected activity under the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

53.     Defendant retaliated against Plaintiff by cutting his hours and not assigning him to shifts..

54.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

55.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A TENTH CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Hostile Work Environment - Sex)**

56.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

57.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of sex, male.

58.     Plaintiff's requests for relief are set forth below.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Discrimination - Sex)**

59.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

60.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff was discriminated against through unwanted sexual advances and harassment and ultimately constructively discharged on the basis of sex.

61.     Plaintiff's requests for relief are set forth below.

**ORIGINAL COMPLAINT**

## AS AND FOR A TWELFTH CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
### (Hostile Work Environment  - Sex)

62.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

63.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of his sex. male.

64.     Plaintiff's requests for relief are set forth below.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
### (Discrimination - Sex)

65.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

66.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Plaintiff was discriminated against by unwanted sexual advances and harassment and ultimately constructively discharged on the basis of sex.

67.     Plaintiff's requests for relief are set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 et seq.; the 1991 Civil Rights Act, as amended, 42 U.S.C. § 1981a et seq.; Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e et seq.; the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*;

**ORIGINAL COMPLAINT**

B.  All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C.  Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D.  Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

E.  Pre-judgment and post-judgment interest, as provided by law;

F.  That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and are determined to be in full compliance with the law; and

G.  Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H.  Training on the subject of employment discrimination for all of Defendant's employees;

I.  Implicit bias training for all managers conducted by reputable outside vendors;

J.  Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

K.  Active monitoring of the work areas to ensure compliance with discrimination policies;

**ORIGINAL COMPLAINT**

L.  Monitoring by the Court or a federal agency to ensure that Defendant comply with all injunctive relief; and

Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

**Dated**: September 3, 2021                                    Respectfully submitted,

*/s/ Holt Major Lackey*
Holt Major Lackey
Texas State Bar No. 24047763
hlackey@equalrights.law
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas  78731
Telephone: (737) 808-2260
Facsimile:  (737) 808-2262

**ORIGINAL COMPLAINT**