IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEROME BEECHAM, | § | |
| | § | |
| *Plaintiff,* | § | SA-21-CV-00845-FB |
| | § | |
| vs. | § | |
| | § | |
| IRONCLAD ENERGY LLC, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Before the Court in the above-styled cause of action are Defendant's Second Motion to Compel Discovery Responses [#16] and Plaintiff's Opposed Motion to Compel and for Limited Extension of Discovery Deadline [#17]. The Court held a hearing on the motions on September 1, 2022, at which counsel for both parties appeared via videoconference. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written order.

## I.  Defendant's Motion to Compel

This is an employment discrimination case alleging a hostile work environment and constructive discharge. Defendant's motion to compel concerns Plaintiff's current and past wage and employment records, which are relevant to Plaintiff's claim for lost wages and Defendant's affirmative defense that Plaintiff failed to mitigate his damages. Defendant believes Plaintiff has failed to preserve and retain his employment records, has withheld information regarding his past and current employment, and is failing to satisfy his ongoing duty to supplement discovery with current wage information.

1

The Court addressed this discovery at a previous hearing in June and reminded Plaintiff of his discovery obligations.  Plaintiff represented to the Court that since the last hearing he has provided Defendant with tax return, employment, and Texas Workforce Commission authorizations to obtain Plaintiff's work history and income information.  Defendant responded that its concern is that Plaintiff has not provided all of the information regarding his current wage information to his counsel, as Defendant has only received incomplete screen shots from Plaintiff's bank account reflecting deposits, and that Plaintiff could not recall all the names of his employers at his deposition.  Defendant asks the Court for an order directing Plaintiff to preserve and produce his past and current wage and employment records.  The Court will grant in part Defendant's motion to compel and provide specific instructions to Plaintiff regarding the obligation to search for his wage and employment records and supplement discovery.

Finally, as previously stated at the June hearing, if Defendant believes it has evidence that Plaintiff has committed a spoliation violation or violated an order of this Court, Defendant may file a spoliation motion or motion for sanctions.  Until that time, Defendant shall refrain from accusing Plaintiff or his counsel of such conduct.

## II.  Plaintiff's Motion to Compel

Plaintiff's motion to compel concerns the cell phone records of two former employees of Defendant, Denton Kilgore (Plaintiff's supervisor) and Domenia Mitchell.  Plaintiff alleges that Mr. Kilgore created a hostile work environment by sending sexually and racially discriminatory text messages to Plaintiff during his employment.  Plaintiff lost the personal cell phone on which he allegedly received these messages but retained screenshots of certain messages.  Plaintiff served Mr. Kilgore with a subpoena duces tecum in conjunction with his deposition, demanding production at the deposition of "[a]ll written communications relating to [Plaintiff], including but

not limited to text messages, social media messages, emails, and any other correspondence."  Mr. Kilgore failed to produce the text messages at his deposition and testified that he did not have the cell phone in his possession, that he had given his phone to counsel for Defendant, and that Defendant had sent in his phone to a third-party vendor to obtain and preserve the relevant messages.  Plaintiff requests an order compelling the production of the messages from Defendant upon Defendant's receipt of the messages from the vendor.

At the Court's hearing, counsel for Defendant represented to the Court that it never agreed to accept service of the subpoena duces tecum on behalf of Mr. Kilgore and it therefore was not properly served.  Counsel for Defendant also represented that despite Mr. Kilgore's sworn testimony, his firm never took possession of the phone but merely provided Mr. Kilgore with the name and contact information for a forensic company that could extract messages from the phone, and Mr. Kilgore himself delivered the phone to the vendor.  According to Defendant, Mr. Kilgore is a former employee and now third party and not subject to Defendant's control, meaning Defendant has no right to receive the text messages from the vendor for review prior to production to Plaintiff.  Also, any communications between Defendant or its counsel and the vendor are discoverable, as are communications between Mr. Kilgore and defense counsel about the phone.  Therefore, Plaintiff may subpoena the third-party vendor and Mr. Kilgore directly for the relevant communications, and those communications can be produced directly to Plaintiff.

Additionally, Plaintiff ask the Court to extend the discovery period to allow for the deposition of Mr. Mitchell to proceed.  Although Plaintiff served Mr. Mitchell with a subpoena commanding his appearance for a deposition on August 19, 2022, Mr. Mitchell failed to appear. The Court finds that Plaintiff has established good cause for the extension of the discovery

deadline for Mr. Mitchell's deposition.  *See* Fed. R. Civ. P. 16(b)(4).  The Court will grant the requested extension.

**IT IS HEREBY ORDERED** that Defendant's Second Motion to Compel Discovery Responses [#16] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** Plaintiff supplement his discovery responses regarding his employment and wage information as follows:

- Plaintiff, in this presence of his counsel, is directed to search for all electronic communications from his current employer (or a third party acting on behalf of his employer) containing wage information and produce them to his counsel for production to Defendant on or before **September 16, 2022**;

- Plaintiff should ascertain whether his current employer makes wage information available through any sort of on-line portal, and if so, retrieve those documents or information and produce them to his counsel for production to Defendant on or before **September 16, 2022**;

- Plaintiff is instructed to monitor all paper and electronic correspondence from his current employer (or a third party acting on behalf of his employer) and provide counsel with all additional wage information on an ongoing basis up to and until trial so that counsel is able to supplement Plaintiff's discovery responses;

- If Plaintiff is unable to locate any wage information provided by his employer, Plaintiff shall inform opposing counsel that these documents do not exist on or before **September 16, 2022**;

- Plaintiff is instructed to provide the contact information and/or any identifying information for his current employer and all previous employers since the date of his separation of employment from Defendant, such as name, address, or general location **on or before September 16, 2022**;

- Defendant may serve subpoenas for Plaintiff's wage and employment information on any identified employers outside of the discovery period.

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Motion to Compel and for Limited Extension of Discovery Deadline [#17] is **GRANTED IN PART.**

4

**IT IS FURTHER ORDERED** that Plaintiff may subpoena Mr. Kilgore and/or the third-party vendor in current possession of Mr. Kilgore's cell phone to obtain the relevant text messages outside of the discovery period.

**IT IS FURTHER ORDERED** that Plaintiff may serve Mr. Mitchell with a second subpoena to appear for his deposition on or before **September 30, 2022**, and apprise him of the consequence of his failure to appear.

**IT IS FINALLY ORDERED** that all relief requested in the parties' motions not expressly granted herein is **DENIED**.

SIGNED this 6th day of September, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE